UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | 4:21-cr-00528 |
| vs. ) | |
| ) | |
| BRITTISH WILLIAMS ) | |

### SENTENCING MEMORANDUM

Comes now the Defendant, BRITTISH WILLIAMS, by and through her attorney, Beau B. Brindley, and presents the following sentencing memorandum and request for a sentence below the applicable Guidelines range:

The PSIR in this case finds a total offense level of 26, and a Criminal History category of 1, resulting in an advisory Guidelines sentencing range of 63 to 78 months. However, the PSIR also notes that a two-level departure may be warranted based upon the impending amendments to the Guidelines that will be effective November 1, 2023. The new USSG §4C1.1 provides a decrease of two levels from the offense level for offenders who did not receive any criminal history points and whose instant offense did not involve specified aggravating factors, which do not apply here. Ms. Williams agrees that this Guideline should be effectively applied to her as a departure or variance and that after calculating the technically applicable Guidelines range at the time of sentencing, the Court should effectively reduce that range by two levels before considering other § 3553(a) factors. Ms. Williams acknowledges that if the Court grants this request, she waives any right to seek a further reduction to the sentence on the basis of §4C1.1 if the new provision is ever applied retroactively.

Aside from §4C1.1, the PSIR's calculation of the Guidelines range differs from that agreed to by the parties in the plea agreement in three material ways, resulting in a total increase of 6 levels beyond that contemplated in the plea agreement. It should be noted that, while the parties'

1

guidelines calculations are in no way binding on the Court, the plea agreement explicitly specified that "the U.S. Sentencing Guidelines Total Offense Level analysis agreed to by the parties herein is the result of negotiation and led, in part, to the guilty plea." This negotiation and agreement is an important factor for the Court to consider when fashioning a just punishment under § 3553.

The first area in which the PSIR differs from the plea agreement is the calculation of the enhancement applicable to loss amount under §2B1.1(b)(1). The PSIR notes that "The parties' plea agreement erroneously states that the defendant should receive a twelve-point enhancement pursuant to USSG §2B1.1(b)(1)(G) because her loss amount was between $550,000 and $1,500,000. However, that loss range is associated with a fourteen-point enhancement pursuant to USSG §2B1.1(b)(1)(H). As the defendant's loss amount is in fact between $550,000 and $1,500,000, the fourteen-point enhancement was used in calculating her Total Offense Level."

Ms. Williams acknowledges that her plea agreement contained this apparent mistake. The loss amount agreed to by the parties in the plea agreement was $446,082.99, "plus IRS relevant conduct/tax evasion loss" (which is properly calculated in the PSIR as $110,532.00), this would be a figure that is just high enough to qualify for the 14-level enhancement under §2B1.1(b)(1)(H), which is the Guideline that should technically apply.  However, Ms. Williams's decision to plead guilty was, as the agreement specifically states, based on the belief that this was a 12-point enhancement.

The PSIR also applies two additional Guidelines enhancements that the parties did not agree to in the plea agreement: a two-level enhancement under USSG §2B1.1(b)(2)(A), because the offense involved ten or more victims, and a two-level enhancement under USSG §2B1.1(b)(11)(C)(i) because the defendant used the SSNs of several individuals to open bank accounts. In doing so, the PSIR made assumptions about which entities should be classified as victims and which conduct qualifies as "the unauthorized transfer or use of any means of

identification unlawfully to produce or obtain any other means of identification." The Court need not make those same assumptions, regardless of whether it may be permissible to do so. While the applicability of these enhancements is ultimately a matter for the Court to decide, Ms. Williams contends that the parties' negotiations and agreements that led to her guilty plea should be respected.

In any event, regardless of what guidelines range the Court ultimately finds applicable, the Court has the discretion to fashion a just sentence outside of that range. Ms. Williams believes that, regardless of the calculated Guidelines range, such a just sentence in this case is a sentence of no greater than 18 months' imprisonment.

When determining the appropriate sentence for an individual defendant, a sentencing court should impose the shortest possible sentence that (A) reflects "the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;" (B) deters future criminal conduct; (C) protects the public from the defendant and (D) provides the defendant with the "needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553. When determining whether a given sentence is sufficient to effectuate these purposes district courts are directed to consider:

1. "the nature and circumstances of the offense and the history and characteristics of the defendant;" 18 U.S.C. § 3553(a).
3. "the kinds of sentences available;" 18 U.S.C. § 3553(a).
4. the defendant's Guidelines range;
5. Any relevant policy statements;
6. "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct" 18 U.S.C. § 3553(a)
7. "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a).

A defendant's guideline range is advisory. *United States v. Booker,* 543 U.S. 220, 244 (2005). Under *Booker* and its progeny, sentencing courts may not treat the applicable guideline range as presumptively reasonable. *Nelson v. United States*, 129 S.Ct. 890 (2009). Instead, the advisory guidelines range must be weighed against the other factors listed in 18 U.S.C. § 3553(a). *Kimbrough*

3

*v. United States,* 128 S.Ct. 558, 564 (2007). In the pursuit of a just sentence, district courts may devise policies and impose sentences that are at odds with the policies articulated by the Federal Sentencing Guidelines. *Spears v. United States,* 129 S.Ct. 840 (2009). Regardless of what the applicable guidelines range suggests, § 3553 directs the district court to impose a sentence no longer than necessary to accomplish the purposes of punishment in 18 U.S.C. § 3553(a)(2).

Regardless of the Guideline Range calculated by the Court, any sentence of imprisonment greater than 18 months is unnecessary to further any of the purposes of punishment pursuant to § 3553.

Section 3553 calls upon courts to recognize relevant differences among defendants, even defendants with the same base offense level or guideline range. In arriving at a final sentence, the Court should impose a sentence no longer than necessary to (A) reflect "the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;" (B) deter future criminal conduct; (C) protect the public from the defendant and (D) provide the defendant with the "needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553.

Regardless of the Court's determination of the applicable Guidelines range, a sentence of 18 months is sufficient, but not greater than necessary to effectuate all the purposes of punishment the Court must consider pursuant to § 3553. There is no reason to believe that any prison time greater is necessary to further the goals of rehabilitation, deterrence, incapacitation, or promoting respect for the law. An 18-month sentence adequately reflects the seriousness of the offense and affords Ms. Williams, a 33 year-old woman with no prior prison experience, a realistic opportunity to be fully rehabilitated and not derail her prospects of leading a productive and meaningful life.

A fraud of the magnitude at issue in this case has a substantial negative impact on society. Ms. Williams must therefore be punished. However, there is nothing from Ms. Williams's personal background to suggest that, after her experience in federal court, she would even think about recidivating, especially considering how she has already experienced the way that the mere fact of the charges in this case has hindered her personal and career aspirations.

Regardless of the sentence imposed, it will necessarily be a serious one. The certainty of at least some time in prison has already provided Ms. Williams with all of the deterrence necessary to ensure that she will never be likely to reoffend.

The PSIR specifically finds that there are factors "that may warrant a variance and imposition of a non-guideline sentence." PSIR at 26. The probation officer urges that "a variance from the prescribed guideline range may be warranted in this case based upon the nature and circumstances of the offense and the history and characteristics of the defendant; specifically, the defendant has never been incarcerated, possesses her high school diploma, and had an absentee mother who struggled with substance abuse when the defendant was a child" and that "accordingly, the Court may want to consider a downward variance pursuant to 18 U.S.C. § 3553(a)." *Id.* Ms. Williams agrees with this assessment and urges the Court to take it to heart.  Ms. Williams is a mother who provides for support for her child. Despite her difficult upbringing, she has fashioned a very successful career and can continue to thrive and be a positive member of the community if given a limited prison sentence.

The purposes of punishment outlined in § 3553(a) simply do not justify the imposition of a guideline sentence. There is no evidence that Ms. Williams requires incapacitation in light of her complete lack of violent behavior and exceptionally minor criminal history. Likewise, for the same reasons, neither specific deterrence nor rehabilitation requires a custodial sentence. The law instructs the Court to issue a sentence sufficient to recognize "the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a). Imposing a lengthy

sentence would work to unnecessarily undermine, not promote, respect for the law. Sending a 33-year-old mother with a good job and career to prison for multiple years for a substantial, but ultimately relatively minor financial crime would be a draconian penalty that would create a distrust and disrespect for the legal system.

Ms. Williams's conduct in this case was harmful and immoral. Undoubtedly, these fraud charges are serious offenses and this Court must promote respect for the law through its sentence. But respect for the law is not the same thing as fear of the law. A law is respected when it is tempered by mercy. Lengthy prison sentences may promote fear of the law but they do not necessarily promote respect. When a defendant with a non-violent offense and insignificant criminal background accepts responsibility for what she has done and receives a sentence that takes into account more than just the rote numbers, that sentence demonstrates that the justice system is indeed reasonable. And that, above all things, promotes respect for the law.

Ms. Williams has been convicted of a serious offense, and serious offenses require serious sentences. But, for woman of her life experience and background, a felony conviction and any prison sentence is a serious sentence. Eighteen months is serious for anybody who has never before been to prison, and in this case 18 months is serious enough to recognize the seriousness of the offense and the purposes of punishment, and to promote respect for the law.

WHEREFORE, Defendant British Williams respectfully requests that the court impose a term of imprisonment of no more than 18 months.

Respectfully submitted,
Brittish Williams
By:     s/ Beau B Brindley

Law Offices Of Beau B. Brindley
53 West Jackson Blvd.
Suite 1410
Chicago, Illinois 60604
312.765.8878

7

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that he caused a true and correct copy of the attached document to be served upon the government by electronically serving it through the CM/ECF system on September 29, 2023.

s/ Beau B. Brindley

THE LAW OFFICES OF BEAU B. BRINDLEY
53 West Jackson Blvd.
Suite 1410
Chicago, Illinois 60604
(312) 765-8878