UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | )   4:21-cr-00528 |
| vs. | ) |
| | ) |
| BRITTISH WILLIAMS | ) |

**MOTION FOR SENTENCE REDUCTION PURSUANT TO**
**18 U.S.C. § 3582 AND RETROACTIVE AMENDMENT 821, USSG**

Comes now the Defendant, BRITTISH WILLIAMS, by and through her attorney, Beau B. Brindley, moves, pursuant to 18 U.S.C. § 3582(c)(2), Sentencing Guidelines §1B1.10 and Amendment 821, for a reduction of the 48-month sentence this Court imposed on October 24, 2023. In support of this motion, she states as follows:

On August 24, 2023, pursuant to its authority under 28 U.S.C. § 944(u) and consistent with 18 U.S.C. § 3582(c)(2), the United States Sentencing Commission determined that the targeted changes to the criminal history rules made in Parts A and B, Subpart 1, of Amendment 821 should be applied retroactively. Part B, Subpart 1, of Amendment 821 creates a new Chapter Four guideline at § 4C1.1 (Adjustment for Certain Zero-Point Offenders) providing a decrease of two levels from the offense level determined under Chapters Two and Three for defendants who did not receive any criminal history points under Chapter Four, Part A, and whose instant offense did not involve specified aggravating factors. The Court may begin applying retroactive application of this amendment on November 1, 2023, at which time reductions in sentence, pursuant to 18 U.S.C. § 3582(c)(2), will be authorized based on the application of Amendment 821.

1

Ms. Williams is eligible for a reduction under these provisions. Prior to her sentencing, the probation department in the PSIR in found a total offense level of 26 and a Criminal History category of I, resulting in an advisory Guidelines sentencing range of 63 to 78 months, but also noted that a two-level departure may be warranted based upon the then-impending Amendment and the new USSG §4C1.1, as Ms. Williams did not receive any criminal history points and none of the specified aggravating factors were involved in the offense. In her initial sentencing memorandum, Ms. Williams agreed with the PSIR that this Guideline should be effectively applied to her as a departure or variance and urged that after calculating the technically applicable Guidelines range at the time of sentencing, the Court should effectively reduce that range by two levels before considering other § 3553(a) factors. Dkt. 89. Ms. Williams acknowledged that if the Court granted this request, she would be waiving any right to later seek a reduction to the sentence on the basis of §4C1.1 if the new provision were to be applied retroactively. *Id.* However, at sentencing, the Court explicitly did not apply §4C1.1 or provide any benefit to Ms. Williams based thereon. When asked by the Government whether the sentence pronounced by the Court was taking into consideration the Guideline Section 4C1.1, the Court explicitly replied that it was not:

> THE COURT: Here's the deal. It's not in effect. It's going into effect on November the 1st. A motion properly filed after that date can be made if it is applicable to this defendant.

Sentencing Tr., Dkt. 114, at 32-33.

Ms. Williams now makes the motion contemplated and invited by the Court.

At sentencing, the Court agreed with the PSIR and calculated a total offense level of 26, a Criminal History category of I, and an advisory Guidelines sentencing range of 63 to 78 months. *Id.* at 3. However, the Court imposed a sentence of 40 months, a reduction of approximately 36.5% below the low-end of the otherwise-applicable guideline range. This explicitly did not take into account any benefit under §4C1.1.

2

18 USC §3582(c)(2) provides that, "[i]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant[], the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

USSG §1B1.10(b)(1) provides that, "[i]n determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected."

Subsection (b)(2)(B) provides that "[i]f the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate." The commentary, Application Note 3, clarifies by way of example:

> For example, in a case in which: (A) the guideline range applicable to the defendant at the time of sentencing was 70 to 87 months; (B) the defendant's original term of imprisonment imposed was 56 months (representing a downward departure of 20 percent below the minimum term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing); and (C) the amended guideline range determined under subsection (b)(1) is 57 to 71 months, a reduction to a term of imprisonment of 46 months (representing a reduction of approximately 20 percent

3

>below the minimum term of imprisonment provided by the amended guideline range determined under subsection (b)(1)) would amount to a comparable reduction and may be appropriate.

If Ms. Williams is given the two-level reduction in her guidelines range that she qualifies for under §4C1.1 as a zero-point offender, her resulting offense level would be 24, and her new guidelines range would be 51-63 months. Applying the same 36.5% reduction to the low end of this range that the Court applied to her then-applicable guidelines at the original sentencing—which the application notes specifically indicate is a method that results in a comparable and appropriate reduction—would result in a new sentence of 32 months. This is the appropriate sentence under the now-retroactive Amendment to the Guidelines, without disturbing any of the Court's findings at the original sentencing hearing.

WHEREFORE, Defendant British Williams respectfully requests that the Court reduce her sentence to 32 months.

Respectfully submitted,<br>
Brittish Williams<br>
By:    s/ Beau B Brindley

LAW OFFICES OF BEAU B. BRINDLEY
53 West Jackson Blvd.
Suite 1410
Chicago, Illinois 60604
312.765.8878

4

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that he caused a true and correct copy of the attached document to be served upon the government by electronically serving it through the CM/ECF system on January 1, 2024

s/ Beau B. Brindley

THE LAW OFFICES OF BEAU B. BRINDLEY
53 West Jackson Blvd.
Suite 1410
Chicago, Illinois 60604
(312) 765-8878