UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:21-CR-528-HEA |
| BRITTISH CIERRAH WILLIAMS, | ) ) ) |
| Defendant. | ) |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO
MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582**

COMES NOW the United States of America, by and through undersigned counsel, and opposes Defendant's Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582 and Retroactive Amendment 821, Doc. 127, for the following reasons:

**POSITION**

Williams is not entitled to a sentence reduction. Even assuming she qualified for a two-level "zero-point offender" reduction under U.S.S.G. § 3C1.1, her amended guideline range would be 51-63 months, and notwithstanding the misrepresentation in her motion, the Court cannot reduce a sentence below the amended range. *See* U.S.S.G. § 1B1.10(b)(2)(A). Moreover, even if Williams did qualify for a potential reduction, the Government would oppose relief because she failed to report to the Bureau of Prisons as directed and she already received a more than generous disposition by way of the dismissal of counts carrying six years of consecutive mandatory minimums at the time of the original sentencing. Accordingly, the Court should summarily deny her motion.[1]

---

[1] U.S.S.G. § 1B1.10(a)(3) states that "proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing." *See also United States v. Bradford*, 697 F. App'x 479, 480 (8th Cir. 2017) ("Congress authorized only 'a limited adjustment to an otherwise final sentence . . . .'"). In addition, Rule 43(b)(4) provides that a defendant "need not be present" for proceedings involving a reduction of sentence under 18 U.S.C. § 3582(c). *See also Dillon v. United States*, 560 U.S. 817, 827–28 (2010) (finding no right to be present at such proceedings).

1

## ARGUMENT

I. **Authority to Reduce a Sentence**

"Providing a rare exception to the finality of criminal judgments, § 3582(c)(2) allows a district court to reduce . . . a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," subject to certain restrictions. *United States v. Koons*, 850 F.3d 973, 976 (8th Cir. 2017). Any such reduction must be both "consistent with applicable policy statements issued by the Sentencing Commission" and appropriate in light of the "factors set forth in section 3553(a)." 18 U.S.C. § 3582(c)(2). "The applicable policy statement, U.S.S.G. § 1B1.10, provides that a defendant is eligible for a discretionary § 3582(c)(2) reduction if his applicable guidelines range is lowered by a retroactive amendment listed in § 1B1.10(d), such as Amendment [821]." *Koons*, 850 F.3d at 976. Under the same guideline, "[t]he extent of a § 3582(c)(2) reduction is normally limited to the bottom of the amended guidelines range." *Id.* (quoting U.S.S.G. § 1B1.10(b)(2)(B)).

As relevant here, in Subpart 1 of Part B to Amendment 821, the Sentencing Commission created a new Chapter 4 guideline providing for a 2-offense-level reduction for certain offenders with zero criminal history points. Specifically, U.S.S.G. § 4C1.1(a) directs the Court to "decrease the offense level determined under Chapters Two and Three by 2 levels" if "the defendant did not receive any criminal history points from Chapter Four, Part A," provided that the instant offense did not involve any of nine aggravating factors.[2] However, the Sentencing Commission also recognized this reduction should be offset with an upward departure where it "substantially underrepresents the seriousness of the defendant's criminal history." U.S.S.G. § 4C1.1 cmt. n.2.

---

[2] The adjustment does not apply in cases involving: terrorism enhancements, the use or credible threat of violence, death or serious bodily injury, sex offenses, substantial financial hardship, firearms or dangerous weapons, offenses involving individual rights, hate crimes or serious human rights offenses, and leadership-role or criminal-enterprise enhancements. *See* U.S.S.G. § 4C1.1(a)(2)–(10).

## II.     Procedure for Sentence Reductions

As the Supreme Court has recognized, section 3582(c)(2) calls for a two-step inquiry. *Dillon*, 560 U.S. at 826–27. A sentencing court "must first determine that a reduction is consistent with § 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." *Id.* The defendant bears the burden of showing that a reduction is justified. *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

### a.   *Eligibility, Scope, and Timing*

A defendant is eligible for a sentence reduction if: (1) a retroactive amendment would lower the defendant's original guideline range, and (2) the defendant did not previously receive a sentence at or below the bottom of the amended range (except for substantial assistance). *See* U.S.S.G. § 1B1.10(a)(2), (b)(2). In other words, at step one, "a court must begin by determining the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." *United States v. Thompson*, 641 F. App'x 641, 649 (8th Cir. 2016) (quotation and alterations omitted). In making this calculation, "the court shall substitute only the amendments listed in subsection (d) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." *Id.* (quotation and alterations omitted).

"Consistent with the limited nature of § 3582(c)(2) proceedings, § 1B1.10(b)(2) also confines the extent of the reduction authorized." *Dillon*, 560 U.S. at 827. "Courts generally may not reduce the defendant's term of imprisonment [below] the minimum of the amended guideline range." *Id.* (quotation omitted). And "[i]n no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served." U.S.S.G. § 1B1.10(b)(2)(C).

3

Finally, the Sentencing Commission imposed a timing limitation on the sentence-reduction authority under Amendment 821: "The court shall not order a reduced term of imprisonment based on Part A . . . of Amendment 821 unless the effective date of the court's order is February 1, 2024, or later." *Id.* § 1B1.10(e)(2). As underscored in Application Note 7, any reduction that "does not comply with th[is] requirement . . . is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2)." That said, courts may conduct sentence-reduction proceedings before the implementation date, "provided that any order reducing the defendant's term of imprisonment has an effective date of February 1, 2024, or later." *Id.* § 1B1.10 cmt. n.7.

### b. Discretionary Assessment

Even otherwise eligible defendants are "not automatically entitled to a sentencing reduction pursuant to § 3582(c)(2)." *United States v. Granados*, 830 F.3d 840, 842 (8th Cir. 2016) (collecting cases). Rather, if a court reaches step two,[3] it "must consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized . . . is warranted in whole or in part under the particular circumstances of the case." *Thompson*, 641 F. App'x 649–50 (quotation omitted). Specifically, the court "*must* . . . weigh public-safety concerns and *may* consider relevant post-sentencing conduct," good or bad. *United States v. Darden*, 910 F.3d 1064, 1067 (8th Cir. 2018) (citing U.S.S.G. § 1B1.10 cmt. n.1(B)) (emphasis added). And while "a court may not . . . make new factual findings that are inconsistent with the facts found at the original sentencing, . . . nothing prohibits [it] from considering new facts that it had no opportunity to address the first time around." *Id.*

As with any sentencing proceeding, the court "has substantial latitude to determine how much weight to give the various factors under § 3553(a) and may choose to give more weight to the aggravating factors" than the new guideline range. *Granados*, 830 F.3d at 842 (quotation and

---

[3] As the *Dillon* Court instructed, "[R]eference to § 3553(a) is appropriate only at the second step of this circumscribed inquiry." 560 U.S. at 827. In other words, section 3582(c)(2) does not permit "plenary resentencing proceedings." *Id.*

4

alterations omitted); *see also Jones*, 836 F.3d at 899 ("There is nothing illogical about a district court concluding that the . . . sentencing factors lead to imposition of the same sentence, even if one of the complex advisory guidelines determinants, here [criminal history], has been amended."). Indeed, even "[a]n agreement between the government and the defendant that a sentence reduction is appropriate does not bind the judge; nor is the judge's consideration of the question limited to the factors the parties regard as relevant." *United States v. Young*, 555 F.3d 611, 614 (7th Cir. 2009). Thus, the Eighth Circuit has repeatedly upheld the denial of a reduction in sentence for eligible defendants based on a variety of considerations. *See, e.g.*, *United States v. Bradford*, 697 F. App'x 479, 481 (8th Cir. 2017) (pre-sentencing behavior, including criminal history); *Jones*, 836 F.3d at 898 (uncharged criminal activity, post-sentencing conduct); *Granados*, 830 F.3d at 842 (violence during offense); *United States v. Boyd*, 819 F.3d 1054, 1055–56 (8th Cir. 2016) (prison conduct violations); *Thompson*, 641 F. App'x at 650 (community safety). Likewise, courts have discretion to grant a more limited reduction than what the Guidelines permit.[4] *See, e.g.*, *United States v. Banderas*, 858 F.3d 1147, 1149 (8th Cir. 2017) (affirming reduction only to the top of the new guideline range); *United States v. Ramirez*, 807 F. App'x 591, 593 (8th Cir. 2020) (same for reduction to middle of range due to prison conduct violations).

## III. Analysis

Even assuming Williams qualifies for a 2-level "zero-point offender" reduction,[5] she is not eligible for a sentence reduction under the plain terms of U.S.S.G. § 1B1.10(b). While purporting

---

[4] This is particularly true in cases, as here, where a number of identifiable victims were harmed as a result of the relevant offense conduct. *See* PSR ¶¶ 45–46. Although the Crime Victim Rights Act requires notice to victims only if the Court conducts a public proceeding, the Government will provided notice of the Defendant's request for a reduction in sentence as consistent with the intent of the Act and will supplement its response in the event it receives feedback from any of the victims regarding the instant request for a reduction in sentence.

[5] While it is true she received no criminal history points, *see* PSR ¶ 69, it is far form clear that Williams has met her burden of establishing that none of the offense-specific aggravators preclude the application of this reduction. *See, e.g.*, *United States v. Gordon*, 2023 WL 8601494, at *3 (D. Me. Dec. 12, 2023) ("§ 4C1.1 places the burden on a

5

to quote directly from application note 3 of the latter provision, Williams's motion creates the misleading impression that a proportionate reduction below an amended guideline range is possible in *all* cases by cobbling together lines from separate paragraphs of the note without any indication of an alteration, specifically omitting language clarifying that a below-amended-guideline reduction is available *only in the event of substantial assistance*. Compare Doc. 127 at 3–4, *with* US.S.G. 1B1.10 cmt. n.3. Given the nature of the alterations, it is difficult to see how this block quote is anything other than a deliberate misrepresentation. In any event, Williams does not qualify for a reduction. *See Dillon*, 560 U.S. at 827 ("Courts generally may not reduce the defendant's term of imprisonment [below] the minimum of the amended guideline range.").

Moreover, even if Williams were eligible, the Government would oppose a sentence reduction based on the section 3553(a) factors. Williams committed a series of significant financial crimes involving a number of victims and an intended loss of nearly $1,000,000.00. PSR ¶ 41. Despite that, the Government agreed to dismiss three counts carrying a consecutive mandatory minimum sentence of six years. PSR ¶ 103. A further reduction in sentence is inappropriate on that basis alone. *See United States v. Suell*, 2008 WL 2845295 (N.D. Tex. 2008). But just yesterday, Williams failed to report to Alderson FPC as ordered. *See* Doc. 128. Any suggestion that this violation was "in the interest of judicial economy" is puzzling, *see id.*, as there is no scenario in which she will receive a sentence of time served and her presence is not required to rule on the motion. *See supra* at 1 n.1. Thus, even if Williams were eligible for a reduction, the Court should exercise its discretion and reject her request.

---

defendant to show that he meets 'all' of the criteria for eligibility."); *see also Jones*, 836 F.3d at 899 (same for section 3582(c)(2) reductions generally). In particular, Williams must show that she did not "personally cause substantial financial hardship." U.S.S.G. § 4C1.1(a)(6); *see also United States v. Smith*, 2023 WL 4828690, at *3 (N.D. Ind. June 29, 2023). Although her motion states that "none of the specified aggravating factors were involved in the offense," Doc. 127 at 2, more than this bald assertion is required for a fraud case involving numerous victims and nearly a million dollars in intended loss—particularly considering that this factor is not limited to the "financial hardship" provision in the fraud guideline. *See* U.S.S.G. § 4C1.1 cmt. n.1; *cf. United States v. Chukwu*, 842 F. App'x 314, 318 (11th Cir. 2021) (finding substantial financial hardship where victim lost $4,500 from education account and *Government* had burden). However, given that Williams does not qualify for a sentence reduction in any event, the Court need not address this issue.

## CONCLUSION

WHEREFORE, the Government requests that the Court deny Defendant's Motion for a Reduced Sentence.

Respectfully submitted,

SAYLER A. FLEMING
United States Attorney


 /s/ *Zachary M. Bluestone*
ZACHARY M. BLUESTONE, #69004MO
HAL GOLDSMITH, #M032984
Assistant United States Attorneys
111 South Tenth Street, Room 20.333
Saint Louis, MO 63102
(314) 539-2200

## CERTIFICATE OF SERVICE

I hereby certify that, on January 4, 2024, the foregoing was filed with the Court's electronic filing system for service upon all counsel of record.

/s/ Zachary M. Bluestone
ZACHARY M. BLUESTONE, #69004MO
Assistant United States Attorney