UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:21CR528 HEA ) |
| BRITTISH WILLIAMS, | ) ) |
| Defendant. | ) ) |

## OPINION, MEMORANDUM AND ORDER

On January 2, 2024 and January 15, 2025, Defendant filed motions seeking a reduced sentence under Amendment 821 of the United States Sentencing Guidelines. On May 24, 2023, Defendant pleaded guilty to five counts of Misuse of a Social Security Number, in violation of 42 U.S.C. § 408(a)(7)(B); four counts of Bank Fraud, in violation of 18 U.S.C. § 1344; three counts of False Statements, in violation of 18 U.S.C. § 287; and three counts of Wire Fraud, in violation of 18 U.S.C. § 1343. On October 24, 2023, the Court sentenced Defendant to a term of imprisonment of 48 months to be followed by a term of five years supervised release. Defendant is currently serving her sentence at a Federal Bureau of Prisons ("BOP") facility, FCI Waseca in Waseca, Minnesota. Her projected release date is December 24, 2025. See https://www.bop.gov/inmateloc/ (May 19, 2025).

A court may modify a previously imposed term of imprisonment if the defendant's sentencing range has subsequently been lowered by the United States Sentencing Commission. 18 U.S.C. § 3582(c)(2). A defendant bears the burden of proving she is eligible for a downward adjustment under the Sentencing Guidelines. *United States v. Beridon*, 43 F.4th 882, 885 (8th Cir. 2022).

In Amendment 821, the Commission amended two sections of the Guidelines and specified that these amendments should be applied retroactively. U.S.S.G. § 1B1.10(a)(2), (d). The first change limits the impact of § 4A1.1 "status points," which are criminal-history points added when the defendant committed his offense while under another criminal sentence. U.S.S.G. § 1B1.10 cmt. 7. This change does not apply to Defendant.

Amendment 821 also amended § 4C.1.1 by "provid[ing] a decrease of two levels from the [otherwise applicable total] offense level" for defendants with zero criminal history points who meet other criteria. U.S.S.G. § 1B1.10 cmt. 7. Defendant's motion argues she is entitled to a reduction under Amendment 821 because she had zero criminal history points. Defendant's original total offense level was a 26 which reflected a sentence of 63 to 78 months. If Amendment 821 applied to Defendant, her amended guideline range would be 51 to 63 months. Defendant does not qualify for an Amendment 821. Amendment 821 does not apply to Defendant. A sentence reduction based on an amended guideline range is

limited to the bottom of the amended guideline range under U.S.S.G. § 1B1.10(b)(2)(A). *United States v. Koons*, 850 F.3d 973, 976 (8th Cir. 2017). The bottom of Defendant's amended guideline range is 51 months. She received a sentence of 48 month which is below the bottom amended guideline range. Defendant cannot receive a further sentence reduction under Amendment 821.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motions for a sentence reduction pursuant to Amendment 821 [Doc. No.'s 127 and 155] are **DENIED**.

Dated this  day of May, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE